FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARLENE R. M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 17-CV-370-FVS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 11, 12. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Lora Lee Stover. Defendant is represented by Special Assistant United States Attorney Daphne Banay. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 11, is denied and Defendant's Motion, ECF No. 12, is granted.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Plaintiff Arlene R. M.[1] (Plaintiff), filed for widow's insurance benefits (disability) and supplemental security income on March 6, 2013, alleging an onset date of June 30, 2012.[2] Tr. 4, 224-29, 232-33, 246-47. Benefits were denied initially, 132-39, and upon reconsideration, Tr. 147-51. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on July 21, 2015. Tr. 25-67. On July 31, 2015, the ALJ issued an unfavorable decision. Tr. 115-26.

The Appeals Council granted review on August 18, 2017 because the ALJ had incorrectly adjudicated an application for disability insurance benefits (DIB) and omitted the claim for widow's insurance benefits.[3] Tr. 208-11. On September 29, 2017, the Appeals Council corrected those findings, adopted the ALJ's other findings and conclusions, and issued an unfavorable decision denying the applications for SSI disability and for widow's insurance benefits. Tr. 1-7. The decision of the Appeals Council is the Commissioner's final decision subject to

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[2] At the hearing, Plaintiff amended the alleged onset date to July 15, 2008. Tr. 29.

[3] Plaintiff's application for disability insurance benefits was denied due to lack of insured status. Tr. 4, 208.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

review. 20 C.F.R. § 404.98, 416.148; *Sousa v. Callahan*, 143 F.3d 1240, 1242 n.3 (9th Cir. 1998).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1958 and was 57 years old at the time of the hearing. Tr. 43. She has a bachelor's degree in business management and an MBA in healthcare administration. Tr. 41. She has work experience as a secretary. Tr. 41. She had a right knee injury in July 2012 and ultimately underwent surgery for a ruptured tendon. Tr. 47-50, 62. At the time of the hearing, she had recently stopped using a cane and could walk half a mile at a time. Tr. 48. Plaintiff testified she also has had lower back pain since high school. Tr. 52, 54. She testified that she could possibly perform a 40-hour work week if she could sit down, but not if she had to stand all the time. Tr. 61.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable

mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## APPEALS COUNCIL FINDINGS

At step one, the Appeals Council (AC) found Plaintiff did not engage in substantial gainful activity since July 15, 2008, the amended alleged onset date. Tr. 5. At step two, the AC found that Plaintiff has the following severe impairments: right knee degenerative joint disease, tendon rupture status post-surgery, and

obesity. Tr. 5. At step three, the AC found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 5.

The AC then found that Plaintiff has the residual functional capacity to perform a full range of light work with the following additional limitations:

> she can stand or walk only 2 hours in an 8 hour day, for 10 to 15 minutes at a time; she will have no use of her right (dominant) upper extremity when walking because of her use of a cane; she can never climb ramps, stairs, ladders, ropes, or scaffolds, and can perform all other postural activities only occasionally; and she cannot have concentrated exposure to extreme cold, extreme heat, vibration, or hazards, such as unprotected heights and moving mechanical parts.

Tr. 6.

At step four, the AC found that Plaintiff is capable of performing past relevant work as a secretary. Tr. 6. Therefore, at step five, the AC concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, at any time through July 31, 2015, the date of the ALJ's decision. Tr. 6.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying widow's insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom complaints;
2. Whether the ALJ properly considered the medical expert's testimony;

3. Whether the ALJ properly assessed Plaintiff's residual functional capacity;

4. Whether the ALJ posed a complete hypothetical to the vocational expert; and

5. Whether the ALJ properly found Plaintiff is capable of performing past relevant work.[4]

ECF No. 11 at 7.

## DISCUSSION

**A. Symptom Claims**

Plaintiff contends the ALJ improperly rejected her symptom claims. ECF No. 11 at 9-11. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other

---

[4] Plaintiff frames the issues in terms of the ALJ's decision rather than the decision of the Appeals Council, ECF No. 11 at 7, even though the Appeals Council's decision is the final decision of the Commissioner subject to review by the Court. For clarity and ease of discussion, and because the Appeals Council adopted the ALJ's findings which are challenged by Plaintiff, the Court also discusses the issues in terms of the ALJ's findings.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the

claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds that the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. Tr. 119-20

First, the ALJ found Plaintiff's work history weakens the credibility of her allegations. Tr. 120. The claimant's work record is an appropriate consideration in weighing the claimant's symptom claims. *Thomas*, 278 F.3d 947, 958-59 (9th Cir. 2002); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011). Second, the ALJ found Plaintiff's daily activities erode the strength of her statements regarding the extent of her impairments. Tr. 120. It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Third, the ALJ found the objective evidence only partially supports Plaintiff's statements regarding the limiting effect of her impairments. Tr. 120-21. While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (2011).

These reasons are supported by the ALJ's analysis and citations to the record. Tr. 119-21.

Plaintiff contends the ALJ did not provide clear and convincing reasons for finding her statements less than fully credible. ECF No. 11 at 10. Plaintiff asserts that her "credibility is bolstered" by other evidence but fails to address the reasons cited by the ALJ or demonstrate any error. ECF No. 11 at 10. Without citing the record, Plaintiff references objective evidence of abnormality of her knees, the opinion of Dr. Mullen, Dr. Thompson's testimony, and findings from the Division of Vocational Rehabilitation. ECF No. 11 at 10-11. The evidence referenced by Plaintiff was considered by the ALJ. The ALJ found Plaintiff's right knee degenerative joint disease and post-surgery tendon rupture are severe impairments. Tr. 118. The ALJ also addressed Dr. Thompson's testimony, discussed *infra*. Tr. 123.

The ALJ gave little weight to some of Dr. Mullen's conclusions, which is not challenged by Plaintiff.[5] Tr. 122-23. Similarly, the ALJ gave partial weight to

---

[5] The ALJ discussed five opinions given by Dr. Mullen regarding Plaintiff's functional ability dated March 13, 2014; December 30, 2014; January 23, 2015; January 25, 2015; and February 13, 2015. Tr. 122, 531, 574, 579, 581, 600. The ALJ gave partial weight to the March 2014 and January 2015 opinions but rejected the remaining opinions. Tr. 122-23. Plaintiff does not challenge the weight given

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

the opinion of Margie Hemming, a community rehabilitation specialist for the Division of Vocational Rehabilitation (DVR). Tr. 124, 676-81. The ALJ provided several reasons for the weight assigned to the opinion which are not challenged by Plaintiff. Tr. 124. The ALJ therefore reasonably considered and rejected the evidence cited by Plaintiff. For these reasons, and because Plaintiff did not identify any error in the reasons cited by the ALJ in evaluating Plaintiff's symptom claims, the Court concludes the ALJ provided clear and convincing reasons supported by substantial evidence.

/ / /

/ / /

/ / /

/ / /

---

to Dr. Mullen's opinions or the ALJ's reasoning. Further, Plaintiff does not specifically identify which opinion supports her argument, vaguely referencing "the opinions of Dr. Mullen and his actions of assisting her with obtaining a disabled parking permit." ECF No. 11 at 10-11. The Court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in the opening brief. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Thus, the Court declines to further address this issue except to find that the ALJ's consideration of Dr. Mullen's opinions was legally sufficient.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

**B.  Medical Opinion Evidence**

Plaintiff contends the ALJ failed to properly consider the opinion of the medical expert, Robert Thompson, M.D.[6]  ECF No. 11 at 11-12.  Dr. Thompson testified that during the period from June 1, 2012 to July 1, 2013, Plaintiff's impairments met the requirements of listing 1.02(A) for major dysfunction of a joint.  Tr. 33.  He also testified that he could not complete a residual functional capacity finding after July 1, 2013 because the record did not include specific limitations.  Tr. 33.  The ALJ gave partial weight to Dr. Thompson's opinion.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan*, 246 F.3d at 1201-02 (brackets omitted).  "Generally, a treating physician's opinion

---

[6] Plaintiff's list of issues indicates that Plaintiff challenges the ALJ's consideration of Dr. Thompson's testimony, but Plaintiff fails to cite any authority on this issue or to specifically argue that Dr. Thompson's opinion was improperly considered. While this "argument" could reasonably be rejected for lack of specificity, *see Carmickle*, 533 F.3d at 1161, in this instance the Court gives Plaintiff the benefit of the doubt and considers the sufficiency of the ALJ's analysis of Dr. Thompson's testimony.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

The ALJ adopted portions of Dr. Thompson's opinion, but only to the extent it conformed to other evidence in the record. Tr. 123. Because Dr. Thompson's opinion was contradicted by the opinion of Dr. Hander, Tr. 97-98, the ALJ was required to provide specific and legitimate reasons for rejecting portions of Dr. Thompson's opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ observed that Dr. Thompson relied on a combination of left and right knee impairments in finding Plaintiff met the requirements of listing 1.02 for major dysfunction of a joint as of June 1, 2012. Tr. 33, 123. Major dysfunction of a joint is "[c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s)." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 1.02 (July 20, 2015). The listing requires medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the hip, knee, or ankle which causes the "inability to ambulate effectively." *Id.*

An inability to ambulate effectively "means an extreme limitation of the ability to walk . . . defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 1.00B2b (July 20, 2015). An example of ineffective ambulation is "the inability to walk without the use of a walker, two crutches or two canes." *Id.*

The ALJ noted that Plaintiff testified she has no problem with her left knee. Tr. 53-54, 123. The ALJ also noted that imaging of Plaintiff's left knee was normal, and she had no significant treatment of her left knee. Tr. 123, 383-84. Most significantly, the ALJ observed that Plaintiff testified she was able to walk

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

with a cane in her right hand for a couple of months before her injury on July 20, 2012, indicating that Plaintiff's limitations were not listing-level at that time. Tr. 62-63, 123. This was a reasonable conclusion because the inability to ambulate effectively involves the use of a hand-held assistive device that limits functioning of both upper extremities, and Plaintiff's testimony that she used a cane in her right hand indicates that she did not use both upper extremities to ambulate. The ALJ is therefore correct that the record does not support the finding that Plaintiff met listing 1.02 on June 1, 2012. Thus, the ALJ reasonably rejected that portion of Dr. Thompson's opinion.

Plaintiff implies that the ALJ improperly failed to credit Dr. Thompson's testimony that she met a listing without either identifying the listing or any error in the ALJ's consideration of the evidence. Based on the foregoing, the ALJ's reason for rejecting a portion of Dr. Thompson's opinion is specific, legitimate, and based on substantial evidence. Plaintiff also asserts the ALJ had a duty to develop the record regarding Plaintiff's residual functional capacity after July 2013 but fails to cite any authority or explain how a duty to develop the record was implicated in this case. The Court declines to further elaborate on this issue which was not argued with specificity. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2007).

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

## C. RFC, Hypothetical, and Step Four

Plaintiff argues the ALJ erred at step four because the vocational expert's opinion that plaintiff can return to past relevant work was based on an incomplete hypothetical. ECF No. 11 at 12-13. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrook*, 240 F.3d at 1164; *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as they are supported by substantial evidence, even when there is conflicting medical evidence. *Magallanes*, 881 F.2d at 756-57.

Plaintiff's argument assumes that the ALJ erred in considering Dr. Thompson's testimony, Dr. Mullen's opinions, and the findings of the Division of Vocational Rehabilitation. ECF No. 11 at 13. The ALJ's reason for rejecting a portion of Dr. Thompson's opinion was legally sufficient and supported by substantial evidence, and the ALJ's consideration of Dr. Mullen's opinion and the DVR findings was reasonable, as discussed *supra*. Plaintiff again failed to argue this point with specificity and failed to demonstrate that the ALJ made any error of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

fact or law in evaluating the record. The ALJ therefore properly excluded those findings from the RFC and hypothetical to the vocational expert. The hypothetical contained the limitations the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical was therefore proper. *See id.*; *Bayliss*, 427 F. 3d at 1217-18.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** January 18, 2019.

                                *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                  United States District Judge